508 A.2d 618

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Eugene Karzenoski, t/a Gene's Service Center, Appellee.

Submitted on briefs September 9, 1985, to Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Edward M. Murphy,* for appellee.

OPINION BY JUDGE BLATT, April 28, 1986:

The Department of Transportation, Bureau of Traffic Safety (Department) appeals[1] the order of the Court of Common Pleas of Lackawanna County (trial court) setting aside the suspensions of the inspection privileges of Eugene Karzenoski, trading as Gene's Service Center[2] (appellee).

In the course of investigating a motor vehicle accident within the Borough of Dickson City on March 6, 1983, a Borough policeman observed that one of the vehicles, a 1974 Ford Maverick, had an inspection sticker affixed to its windshield by scotch tape. It further appeared that the sticker, which still retained its protective "onionskin" backing, had not been issued for the Maverick concerned, but for some other vehicle. The State Police were notified of the apparent discrepancy, and an investigation revealed that the sticker had

---

[1] The appellee's brief requests dismissal of the Department's appeal for alleged noncompliance of this Court's Order, dated December 17, 1984, per Judge CRAIG, that the Department's brief be filed and served on or before January 31, 1985. Even though the Department mailed a copy of its brief to counsel for the appellee on February 1, 1985, it did file its brief with the Court on January 31, 1985. We believe, therefore, that the Department substantially complied with Judge CRAIG's Order. We stress, however, that this ruling should not be understood as a condonation of the Department's actions.

[2] Specifically, the Department suspended the appellee's Certificate of Appointment as an official inspection station and his Certification as an official inspection mechanic as well as his privilege to inspect motor vehicles.

been issued by the appellee's service station in January 1983 for a 1970 Dodge truck apparently owned by a relative of the Maverick's owner.[3] As a result of the foregoing, the Department imposed a one year suspension upon the appellee for allegedly furnishing a sticker without an inspection to run concurrently with a six month suspension for alleged improper record keeping. 67 Pa. Code §175.51(a)(1) (ii) and (iii).

In a *de novo* appeal to the common pleas court, the appellee testified that he had properly performed and recorded an inspection on the Dodge truck. On cross-examination, he testified that, as he was preparing to affix the sticker in the truck owner's presence, he was interrupted by loud knocking on his garage door and that, because his hands were greasy he feared that, in answering the door he would smear the sticker or drop it.[4] He testified further that he laid the sticker and the tool used to affix it on a vehicle near the truck as he went to answer the door, and that upon his return he observed the sticker affixed to the truck's windshield, presumably by the owner. He claimed not to have noticed that the sticker was affixed in any way but the proper manner as set forth in the applicable regulations. 67 Pa. Code §175.41(d)(2). He admitted, however, that he did not personally affix the sticker as required, but said that he felt powerless to remedy the situation.

The trial court sustained the appeal, setting aside the suspensions and observing that the evidence failed to support the charges of furnishing a sticker without an

---

[3] Although the testimony before the trial court is unclear as to the exact relationship between Joseph Barron, the truck owner, and Michael Barron, the owner of the Maverick, it appears that Michael is either the son or nephew of Joseph.

[4] It is apparent from the record of this case that the trial court, in considering the evidence, accepted the appellee's testimony as credible. Pa. R.A.P. 1925(a).

inspection and improper record keeping for recording the sticker as being issued for the truck. Also, the trial court ordered the Department to return all pertinent certificates to the appellee.

Prior to the closing of the record, however, counsel for the Department requested the trial court to modify the suspension to three months inasmuch as the trial court had acknowledged that the appellee admitted his failure to personally affix the sticker as required by 67 Pa. Code §175.41(d)(1), thereby performing a faulty inspection, 67 Pa. Code §175.51(a)(1)(v). The trial court rejected this request, concluding that the appellee's due process notice rights would be violated if the suspension had been then so modified. The trial court reasoned that, inasmuch as the appellee had been charged under the regulations relating to faulty inspections, he could not be suspended thereunder.

The Department first contends that its original charges are supported by the appellee's admitted failure to personally affix the sticker and the subsequent discovery of the sticker on the Maverick. Our review of a common pleas court order in an inspection certificate suspension case is limited, of course, to determining whether or not the findings of the common pleas court are supported by substantial evidence or an error of law was committed. *Commonwealth v. Walker Pontiac, Inc.,* 488 Pa. 575, 413 A.2d 375 (1979). Questions of credibility are solely within the province of the common pleas court. *Id.* Moreover, the order of the common pleas court generally will not be overturned absent a showing of a manifest abuse of discretion. *Department of Transportation v. Johnson,* 85 Pa. Commonwealth Ct. 638, 482 A.2d 1378 (1984).

As we have noted, the trial court accepted the appellee's version of the events here involved as credible. Thus, there is substantial evidence to support its

factual and legal conclusions that he did not issue the sticker without an inspection and that his records were not improperly kept. Finding no error of law or abuse of the trial court's discretion in reaching its conclusions, we must reject the Department's challenge to the trial court's order in this regard.

The Department, however, also questions the trial court's refusal to modify the suspensions to a three month penalty for a faulty inspection in light of the appellee's admission that he did not personally affix the sticker to the truck.

While we appreciate the trial court's due process concerns, we do not believe that the appellee's right of notice would have been infringed by granting the Department's request for modification. "[D]ue process required in administrative proceedings is afforded when the 'accused' is informed with reasonable certainty of the substance of the charges against him so that he may adequately prepare his defense." *Bureau of Traffic Safety v. Snyder*, 37 Pa. Commonwealth Ct. 359, 365, 391 A.2d 3, 5-6 (1978). Our review of the record here satisfies us that the faulty inspection charge arises from the same underlying conduct as the original charges and that it is not of a different kind than those charges, but merely of a different degree. We believe, therefore, that the faulty inspection offense is simply a lesser included offense in the charge of furnishing a sticker without an inspection. *See Bureau of Traffic Safety v. Cormas*, 32 Pa. Commonwealth Ct. 1, 377 A.2d 1048 (1977).[5] Consequently, we conclude that the appellee was adequately informed that the charge of faulty inspection could possibly be brought against him and that a modification

---

[5] *Cormas* was decided under the provisions of the predecessor to the present Vehicle Code; nonetheless, we find its reasoning applicable here.

of his suspension to comport with his admitted violation was appropriate. The trial court's refusal, therefore, to modify the appellee's suspension to three months for a faulty inspection as proposed by counsel for the Department[6] was error and we must reverse its order and modify the suspension accordingly.

ORDER

AND NOW, this 28th day of April, 1986, the order of the Court of Common Pleas of Lackawanna County, dated October 18, 1983, in the above-captioned matter is reversed and the suspension of the inspection certificates and privileges of Eugene Kazenoski, trading as Gene's Service Center, is modified to a period of three (3) months.

---

[6] The record here is silent on whether or not this was the appellee's first offense of this type, information which is relevant due to the progressive disciplinary scale of 67 Pa. Code §175.51(a). We will impose the first offense penalty, however, on the basis of the request for such a suspension by counsel for the Department to the trial court.