William F. LAWSON, Petitioner,

v.

PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1999.

Decided Jan. 19, 2000.

---

Christopher M. Roe, Philadelphia, for petitioner.

Sallie A. Rodgers, Harrisburg, for respondent.

Thomas G. Servodidio, Philadelphia, for intervenor, Homemaker Service of the Metropolitan Area, Inc.

Before SMITH, J., FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether William F. Lawson (Petitioner) was denied due process because he did not receive a *de novo* hearing on his appeal from a decision by Homemaker Services of the Metropolitan Area, Inc. (Homemaker) to terminate his attendant care services. We hold that the Commonwealth of Pennsylvania, Department of Public Welfare, Bureau of Hearings and Appeals (Bureau) applied the wrong standard of review and did not conduct a *de novo* hearing on Petitioner's appeal and thus denied Petitioner due process. Therefore, we reverse the order of the Bureau and remand this case with the instruction that the Bureau reexamine the record under the correct standard.

The facts of this case are as follows. Petitioner is a 48–year old man who lives alone and is a C–5 quadriplegic. Petitioner was receiving attendant care services from Homemaker who is a contractor selected by the Department of Public Welfare (DPW) to provide attendant care services to eligible persons. Petitioner had been a consumer with Homemaker for many years receiving both basic and ancillary services.

On September 17, 1996, Petitioner and Homemaker signed forms wherein each party acknowledged its rights and responsibilities and what primary responsibilities each would assume in regards to the attendant care services listed. On February 28, 1997, "A Home Care Bill of Rights and Responsibilities for Consumers" listing, among other things, the consumer's responsibility to treat all employees of Homemaker with respect and dignity and not to verbally, physically or sexually harass any employee of Homemaker, was singed by Petitioner.

On March 25, 1998, an attendant, who serviced Petitioner on only this date, filed an incident report indicating that Petitioner verbally abused her character, offended her with sexual slurs, and used profanity. On March 30, 1998, said attendant signed a statement she dictated to the Homemaker Executive Director (Director) detailing her accusations. Director then conducted an investigation, which included interviewing other attendants who had serviced Petitioner. The investigation discovered five (5) attendants who cited their reasons for refusing to continue to service Petitioner as verbal insults, perceived physical threats, abusive and/or demeaning language, and/or improper and/or offensive behavior. As a result of the interviews, three additional incident reports were prepared by two attendants relating how they felt threatened, demeaned, wrongfully accused and/or abused by Petitioner. Petitioner did not participate in any part of this investigation.

On April 8, 1998, Director delivered a letter to Petitioner proposing to discontinue the services provided by Homemaker effective April 13, 1998 because in Homemaker's professional judgment Petitioner's behavior jeopardized the safety of the attendants. On April 10, 1998, Petitioner filed a timely appeal of Homemaker's decision. A Hearing Officer for the Bureau presided over the appeal. The hearing was held over four days, two in January and two in March of 1999.

In an Order and Adjudication dated June 3, 1999, the Hearing Officer denied Petitioner's appeal of Homemaker's decision to terminate his attendant care services. That order was affirmed by a Final Administrative Action Order dated June 7, 1999. On June 21, 1999, Petitioner filed both a petition for review and an application for stay pending appeal with this Court. On June 23, 1999, an order was issued granting Petitioner's application for stay pending appeal. Under consideration now is Petitioner's petition for review.

On appeal,[1] Petitioner argues that he was denied due process because the Hearing Officer failed to conduct a *de novo* examination of the legal and factual issues. We agree.

The guarantee of due process, in Pennsylvania jurisprudence, emanates from a number of provisions of the Declaration of Rights, particularly Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution. Our Supreme Court has recognized as well established the principle that "due process if fully applicable to adjudicative hearings involving substantial property rights. . . ." *Soja v. Pennsylvania State Police,* 500 Pa. 188, 193, 455 A.2d 613, 615 (1982). At stake in the case at bar are state-provided, statutory-based attendant care services which are a property interests deserving of due process. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (termination of welfare benefits without pre-termination hearing is a violation of due process). While not capable of exact definition, the basic elements of procedural due process are adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having

1. Our review is limited to a determination of whether the agency adjudication is in violation of constitutional rights, or is not in accordance with the law or that any finding of fact made by the Bureau and necessary to the adjudication is not supported by substantial evidence. *Hallgren v. Department of Public Welfare,* 712 A.2d 776 (Pa.Cmwlth.1998).

jurisdiction of the case. *Commonwealth v. Thompson,* 444 Pa. 312, 281 A.2d 856 (1971).

■ Before a state agency may make an adjudicatory determination depriving an individual of a state protected interest, the agency must provide a hearing before an impartial adjudicator to conduct a *de novo* examination of all the factual and legal issues. *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).

■ We hold that the Hearing Officer in the case at bar gave improper deference to the investigation and conclusions of Homemaker. First, in the adjudication the Hearing Officer defines the term "substantial evidence" which is an "appellate standard of review and not a standard of evidence applied by a fact finder to determinations of whether a burden of proof has been satisfied." *Samuel J. Lansberry, Inc. v. Pennsylvania Public Utility Commission,* 134 Pa.Cmwlth. 218, 578 A.2d 600, 602 (1990). The Hearing Officer then applied the substantial evidence test stating, "This Hearing Officer concludes that substantial evidence has not been presented to overturn the Homemaker Executive Director's decision in re the validity of the statements of the two attendants with felony convictions, nor to discredit their testimonies." The adjudication also states:

> In light of the above discussion, this Hearing Officer concludes that substantial evidence does not exist to support the [Petitioner's] contention that Homemaker's proposal to discontinue his attendant care services is based on the intensity of his needs.... However, substantial evidence exists to support Homemaker's contention that the [Petitioner] violated said agency's service agreement and consumer responsibilities agreed upon by himself and Homemaker.

■ The substantial evidence standard of review requires that the reviewer not weigh the evidence or substitute her judgment for that of the initial factfinder. *Samuel J. Lansberry, Inc.* In this case, the initial factfinder was Homemaker who decided to investigate the allegations against Petitioner and terminate his attendant care services.

Second, the Hearing Officer reviewed the investigation and conclusions of Homemaker for an "abuse of discretion" or an "arbitrary and capricious action." With regard to Homemaker's investigation, the Hearing Officer stated the following in the adjudication:

> Homemaker's Executive Director's modus operandi in conducting his investigation stemming from the allegations brought forth by a staff person on March 25, 1998, and subsequent proposal to discontinue Agency attendant care services to the [Petitioner] leads this Hearing Officer to conclude that he reasonably exercised his professional judgment, not acting out of haste or on only a single incident, or without discretion in weighting factors that comprise the employee-reported incidents, or with prejudice or motive to oust the Appellant from the Attendant Care Program. *There is no evidence of an abuse of discretion or of an arbitrary and capricious action.* (Emphasis added.)

■ The Hearing Officer does not make any finding of fact as to whether the allegations against Petitioner are true but rather concludes that Director reasonably exercised his professional judgement to reach his conclusions. Since the Hearing Officer applied an appellate court standard of review, giving deference to the findings of fact and credibility determinations of Homemaker, the investigation by Homemaker served both a prosecutorial and adjudicatory function, which is a violation of due process. *Lyness v. Commonwealth of Pennsylvania, State Board of Medicine,* 529 Pa. 535, 605 A.2d 1204 (1992).

Although this case must be remanded back to the Bureau with the instruction to conduct a *de novo* hearing, we do not see the need for the Bureau to require any further testimony. Contrary to Petitioner's argument, he was given adequate opportunity to cross-examine witnesses and present evidence. Thus, on remand the Bureau need only to review the extensive record that was developed at the first hearings and then make its own credibility determinations and findings of fact giving no deference to the conclusions reached by Homemaker.

### *ORDER*

AND NOW, this 19 th day of January, 2000, the order of the Pennsylvania Department of Public Welfare in the above-captioned matter is vacated and the case is remanded to the Bureau with the instruction to conduct a *de novo* hearing. On remand the Bureau need only to review the extensive record that was developed at the first hearings and then make its own credibility determinations and findings of fact giving no deference to the conclusions reached by Homemaker.

Jurisdiction relinquished.