977 A.2d 55 (2009)
Donald P. SNYDER, Snyder Brothers Auto Works, OIS # 4556
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant
Joseph W. Wolski
v.
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, Appellant.
No. 749 C.D. 2008, No. 756 C.D. 2008.
Commonwealth Court of Pennsylvania.
Submitted on Briefs May 6, 2009.
Decided June 16, 2009.
*56 Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.
No appearance entered on behalf of respondent.
BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, PELLEGRINI, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, LEAVITT, Judge, BUTLER, Judge.
OPINION BY Judge PELLEGRINI.
In these consolidated appeals dealing with safety inspections, the Department of Transportation, Bureau of Motor Vehicles (Department) seeks review of two orders of the Court of Common Pleas of Allegheny County (trial court) sustaining statutory appeals by an official safety inspection station, Snyder Brothers Auto Works, OIS #4556 (the Station), and one of its mechanics, Joseph W. Wolski (Mechanic),[1] from, respectively, a 26-month suspension of the Station's certificate of appointment as an official safety inspection station and a one-year suspension of Mechanic's certification as an official safety inspector.[2]
The Department suspended for 26 months the Station's appointment and for one year the Mechanic's certification to carry out official safety inspections. It did so because an inspection sticker had been placed on a vehicle without carrying out the inspection in violation of 67 Pa.Code § 175.51(a)(1)(ii).[3] The charge was based on an "inference that the department drew, that no inspection had been done. ..." (Reproduced Record 49a.) Both the Station and the Mechanic appealed to the trial court.
Before the trial court, the Mechanic testified that he had performed the inspection *57 on the vehicle but had missed that a coil spring had separated from the frame of the vehicle. Recognizing that it had not proven that the Mechanic had not performed an inspection, only that the Mechanic had missed a vehicle defect, the Department's counsel argued that "the case laws says that because faulty inspection is a lesser included offense, the [trial] court can, if it finds that a faulty inspection occurred ... order the Department to impose an appropriate suspension for a faulty inspection."[4] (R.R. 49a.) Declining the Department's invitation, the trial court sustained the appeals.
On appeal, the Department is not challenging the trial court's primary determination that the Station and the Mechanic did not furnish a safety inspection sticker without an inspection. Also unchallenged are the trial court's determinations that the Department failed to prove that most of the alleged defects were present at the time of the inspection and failed to prove intentional conduct by any defendant. Moreover, the Department does not contend that the Mechanic failed to claim prejudice when it raised the issue of whether a faulty inspection is a lesser included offense.
The only issue the Department raises is that because the Mechanic admitted that he conducted a faulty inspection, the trial court erred in failing to direct the imposition of a two-month suspension for conducting a faulty safety inspection, though not charged because it was a lesser-included offense. In making that argument, the Department properly relies on our decision in Dept. of Transp., Bureau of Traffic Safety v. Karzenoski, 96 Pa.Cmwlth. 608, 508 A.2d 618 (1986) (and its progeny), where we held that a mechanic's due process right to adequate notice was not violated when found guilty of a faulty inspection when only charged with placing an inspection sticker on a vehicle without conducting an inspection because it is a lesser-included offense. The central issue in this appeal then is whether Karzenoski should be overruled because a faulty inspection is not a lesser-included offense of not conducting an inspection at all.
In addition to an opportunity to be heard and a chance to defend oneself before a fair and impartial tribunal, procedural due process[5] demands that a person receive adequate notice of the charges with which the accused is required to defend. Soja v. Pennsylvania State Police, 500 Pa. 188, 455 A.2d 613 (1982); Lawson v. Dept. of Public Welfare, 744 A.2d 804 (Pa. Cmwlth.2000). Generally, "adequate notice for procedural due process purposes requires at a minimum that the notice contain a sufficient listing and explanation of the charges against an individual." Dunn v. Dept. of Transp., Bureau of Driver Licensing, 819 A.2d 189, 193 (Pa. Cmwlth.2003). Due process also requires that notice of what is being charged be made against the accused and be given in sufficient time to prepare a defense as to all issues raised by the state. Id; Fiore v. Bd. of Finance and Revenue, 534 Pa. 511, *58 633 A.2d 1111 (1993).[6]
In the context of inspection cases, we have borrowed from criminal law the concept of a lesser-included offense. That standard addresses whether the due process requirement of adequate notice has been met when one offense was not specifically charged. Recently, our Supreme Court in Commonwealth v. Sims, 591 Pa. 506, 919 A.2d 931 (2007), conducted a through review of the law of a lesser-included offense, albeit in the criminal context. It adopted the "statutory-elements approach" which it explained requires an identification of the elements of both the greater charge and the lesser charge and determines whether it is possible to commit the greater offense without committing the lesser offense. If it is not possible, then the lesser offense is considered a lesser-included offense of the greater crime. Id. at 576-79, 919 A.2d 931.
It then articulated under the statutory elements approach a determination not only to the statutory elements of the crime but also "with an eye to the specific allegations levied in the case" which it explained that the charging documents had to put the defendant on notice that the offense would be an issue at trial stating:
Just as it requires a criminal statute to give fair warning of the conduct proscribed, see, e.g., Commonwealth v. Magliocco, 584 Pa. 244, 883 A.2d 479, 487 (2005), due process requires that the criminal information provide fair notice of every crime of which a criminal defendant is accused, see Commonwealth v. Khorey, 521 Pa. 1, 555 A.2d 100, 108 (1989); Pa.R.Crim.P. 560(C) (providing that "[t]he information shall contain the... citation of the statute ... or other provision of law that the defendant is alleged therein to have violated"). To comport with due process, the notice provided must be sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial. Commonwealth v. Little, 455 Pa. 163, 314 A.2d 270, 273 (1974). Such notice ensures that, if the Commonwealth prevails at trial, the defendant's conviction is not arbitrary or oppressive. See Commonwealth v. Kratsas, 564 Pa. 36, 764 A.2d 20, 27 (2001) (noting that the fundamental fairness embodied in the Due Process Clauses of the United States and Pennsylvania Constitutions entitles "every individual to be free from arbitrary or oppressive government conduct"). It is these due process concerns that the proper definition of lesser-included offenses must take into account.
Due process, under the lesser-included offense standard, is satisfied then if (1) if it is not possible to commit the greater offense without committing the lesser offense or (2) just as for unrelated offenses, the notice of charges is sufficiently specific to allow the defendant to know that he or she has prepared for trial on the lesser-included offense.
Applying that articulation of the standard to this case, the greater offense  not conducting an inspection  can only be made out if no inspection had been conducted, making it impossible for a faulty inspection to be a lesser-included offense of failing to inspect the vehicle at all. Because it was not a lesser-included offense, the Department's charging document  notification of suspension  did not notify the Station or the Mechanic that a "faulty inspection" charge by section or by conduct was at issue making that notice deficient under basic due process standards.
*59 Because Karzenoski has been effectively overruled by our Supreme Court in later cases articulating a more precise standard for determining what is a lesser-included offense, particularly in Sims, and a faulty inspection is not a lesser-included offense of not conducting an inspection at all, the trial court's order sustaining the Station's and the Mechanic's appeal from the Department's notice of suspension is affirmed.

ORDER
AND NOW, this 16th day of June, 2009, the orders of the Court of Common Pleas of Allegheny County are affirmed.
CONCURRING and DISSENTING OPINION BY Judge SIMPSON.
Although I concur in the result, I respectfully dissent from the rationale employed by the majority in its thoughtful opinion. In particular, I dissent from applying a substantive analysis used for criminal sentencing purposes and double jeopardy inquiries to a procedural due process/reasonable notice issue in a civil case. See Commonwealth v. Jones, 590 Pa. 356, 912 A.2d 815 (2006) (in an appeal from a criminal sentencing, Supreme Court surveyed criminal cases and clarified that the test to be applied in determining whether an offense is a lesser included one for sentencing purposes and for double jeopardy inquiries is the same); Burger v. Bd. of Sch. Dir. of McGuffey Sch. Dist., 576 Pa. 574, 839 A.2d 1055 (2003) (procedural due process in civil context is a flexible concept and requires such procedural protections as each particular situation demands).
I agree with the majority that the procedural due process/reasonable notice inquiry in several of this Court's past PennDOT cases needs to be clarified. Specifically, we need to clarify use of the phrase "lesser included offense" in inspection station and mechanic licensing cases, such as Department of Transportation, Bureau of Traffic Safety v. Karzenoski, 96 Pa.Cmwlth. 608, 508 A.2d 618 (1986). In Karzenoski, PennDOT suspended a mechanic's inspection privileges for one year for furnishing a sticker without an inspection. On de novo appeal, the trial court credited the mechanic's testimony that he performed the inspection but failed to affix the sticker as required. PennDOT then requested the court to modify the suspension to three months for performing a faulty inspection. The trial court declined, noting PennDOT did not charge the mechanic with performing a faulty inspection and thus the imposition of a suspension for faulty inspection would violate his due process rights.
On appeal to our Court, PennDOT challenged the trial court's refusal to modify the suspension. In reversing, we held the trial court erred in refusing PennDOT's request. Speaking through Judge Blatt, this Court recognized that the due process required in administrative proceedings "is afforded when the `accused' is informed with reasonable certainty of the substance of the charges against him so that he may adequately prepare his defense." 508 A.2d at 621 (citations omitted). The Court stated (with emphasis added)
While we appreciate the trial court's due process concerns, we do not believe that the appellee's right of notice would have been infringed by granting the Department's request for modification. ... Our review of the record here satisfies us that the faulty inspection charge arises from the same underlying conduct as the original charges and that it is not of a different kind than those charges, but merely of a different degree. We believe, therefore, that the faulty inspection offense is simply a lesser included offense in the charge of furnishing a sticker without an inspection. *60 Consequently, we conclude that the appellee was adequately informed that the charge of faulty inspection could possibly be brought against him and that a modification of his suspension to comport with his admitted violation was appropriate.
508 A.2d at 621 (citations omitted).
Like the majority, I conclude that deeming a charge a "lesser included offense" unnecessarily detracts from the reasonable notice analysis in these licensing cases. Like the majority, I disapprove of the "lesser included offense" language in this context, and I would decline to apply it in the future. Unlike the majority, however, I would not inject a criminal law "statutory-elements approach" to lesser included offenses into a civil procedural due process/reasonable notice analysis.
Instead, I would utilize a straight procedural due process analysis as follows. The concept of due process is a flexible one and imposes only such procedural safeguards as the situation warrants. LaFarge Corp. v. Dep't, 557 Pa. 544, 735 A.2d 74 (1999); Fountain Capital Fund, Inc. v. Pa. Secs. Comm'n, 948 A.2d 208 (Pa.Cmwlth.2008), appeal denied, ___ Pa. ___, 967 A.2d 961 (2009). Due process notice requirements are flexible and non-technical, such that no particular form of notice or procedure is necessary. Harrington v. Dep't of Transp., Bureau of Driver Licensing, 563 Pa. 565, 763 A.2d 386 (2000). Where a constitutionally protected property or liberty interest is at stake, due process requires sufficient notice of the conduct that forms the basis for a deprivation so that the respondent may adequately prepare a defense. Id. Demonstrable prejudice is a key factor in assessing whether procedural due process was denied. State Dental Council & Examining Bd. v. Pollock, 457 Pa. 264, 318 A.2d 910 (1974).
The seminal case addressing due process is Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Factually, Mathews concerned the Social Security Administration's decision to discontinue cash benefits without affording the recipient a pre-decisional hearing. The United States Supreme Court rejected the recipient's claim that due process required the agency to hold a hearing prior to terminating benefits. In doing so, the Court considered what process is due an individual before a property interest may be affected by government action. It identified three factors that must be considered in formulating the process due: the private interest affected by the government action; the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the administrative burdens that additional or substitute procedural requirements would entail. Id. at 335, 96 S.Ct. 893.[1]
Employing a Mathews analysis to PennDOT's request for faulty inspection suspensions here, I note the following: the private interests at stake are two-month suspensions of safety inspection licenses for the station and the mechanic; there is great probable value in requiring specification of all lesser charges at issue as an additional safeguard; and, the administrative burden in requiring the additional safeguard is slight, as PennDOT routinely does this. See Reproduced Record at 8a.
In a driver's license suspension case, our Supreme Court in Harrington also considered whether the licensee proved prejudice from the challenged notice. The Court *61 stated, "Other than by overt generalization, Harrington fails to indicate why formal notice of details with which he was already intimately familiar was essential to his understanding and the preparation of his defense." Harrington, 563 Pa. at 576, 763 A.2d at 392.
I agree with the Supreme Court that demonstrable prejudice is a key factor in assessing whether due process is denied. Pollock. The current appeal, however, is in an unusual procedural posture. In particular, the licensees have been precluded from filing briefs, and the Court therefore lacks their position on the issue of prejudice. As a result, I would not base a decision on prejudice in this case, but, unlike the majority, I would make clear that prejudice is part of the analysis.
Based on a procedural due process analysis, I would affirm the trial court's refusal to impose two-month safety inspection license suspensions on the station and mechanic.
NOTES
[1] The Station and the Mechanic failed to comply with this Court's briefing schedule and were precluded from filing appellate briefs.
[2] The Department simultaneously suspended the Station's certificate of appointment and two of its mechanics' certifications as official emissions inspectors for furnishing an emissions inspection certificate to the truck without performing an inspection and for fraudulent recordkeeping. See Donald P. Snyder, Operator #XX-XXX-XXX, Snyder Bros. Auto Works, OIS # 4556, and Wayne Harris v. Dept. of Transp., Bureau of Motor Vehicles, 970 A.2d 523 (Pa.Cmwlth.2009).
[3] 67 Pa.Code § 175.51(a)(1) relevantly provides (with emphasis added):

(a) Schedule. The complete operation of an official inspection station is the responsibility of the owner. Failure to comply with the appropriate provisions of 75 Pa.C.S. §§ 101-9821 (relating to the Vehicle Code) will be considered sufficient cause for suspension of inspection privileges. A violator is also subject to criminal prosecution.

 Duration of Suspension
Type of Violation 1st Violation 2nd Violation ....
(1) Category 1
(i) Issuance or possession of altered, forged, stolen or counterfeit 1 year Permanent
certification of inspection
(ii) Furnish, lend, give, sell or receive a certificate of inspection 1 year Permanent
without inspection
(iii) Faulty inspection of equipment or parts. 2 months 1 year ....

[4] To establish liability for a faulty safety inspection, the Department asserts that it "only has to prove, by a preponderance of the evidence, i.e., that it is more likely than not, that a vehicle inspection was performed improperly." Tropeck v. Dept. of Transp., Bureau of Motor Vehicles, 847 A.2d 208, 212 (Pa. Cmwlth.2004).
[5] The guarantee of due process emanates from the Fourteenth Amendment of the Federal Constitution and from a number of provisions of the Declaration of Rights, particularly Article I, Sections 1, 9 and 11 of the Pennsylvania Constitution.
[6] The Department did not request that notice of charges be amended at the hearing. It only contended that a faulty inspection was a lesser-included offense as a matter of law.
[1] The Court ultimately held the agency's post-deprivation procedures sufficiently safeguarded the recipient's property interest in continued benefits.