Carmel BOUMAN, Petitioner

v.

DEPARTMENT OF PUBLIC
WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 2014.

Decided Jan. 9, 2015.

Anthony R. Arcaro, Wilmington, DE, for petitioner.

Daniel Fellin, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and P. KEVIN BROBSON, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Carmel Bouman petitions for review of the June 30, 2014, final administrative order of the Department of Public Welfare (DPW), Bureau of Hearings and Appeals (BHA), which affirmed the decision of an administrative law judge (ALJ) to dismiss Bouman's appeal for lack of jurisdiction. We affirm.

Ninety-year-old Bouman was a resident at Welsh Mountain Home (WMH), a licensed personal care home.[1] On November 22, 2013, WMH issued a 30-day discharge notice to Bouman pursuant to 55 Pa.Code § 2600.228(h)(3),[2] stating that due to her "continued exit[-]seeking from the building, [WMH] is no longer able to provide the environment to assure or maintain [her] safety." (WMH Discharge Notice, 11/22/13.) WMH later extended the discharge date to January 5, 2014.

On January 14, 2014, Bouman filed a complaint/notice of appeal with DPW's Bu-

reau of Human Services Licensing (Licensing Bureau). Bouman challenged her discharge from WMH and alleged that WMH committed numerous regulatory violations. The Licensing Bureau investigated Bouman's claims and found no regulatory violations.

By letter dated January 24, 2014, WMH notified Bouman that she was being discharged as of that date. On April 2, 2014, Bouman's counsel sent a letter to the Licensing Bureau inquiring about the status of the appeal. On April 15, 2014, the Licensing Bureau forwarded Bouman's appeal to the BHA.

On June 19, 2014, an ALJ held a prehearing telephone conference to determine whether the BHA had jurisdiction over Bouman's appeal from her discharge notice. On June 23, 2014, the ALJ concluded that the BHA does not have jurisdiction over a resident's discharge from a personal care home and dismissed Bouman's appeal. Specifically, the ALJ found that under 55 Pa.Code § 1181, Appendix N, the BHA has jurisdiction over a resident's discharge from a long-term-care nursing facility.[3] Because WMH is a personal care home

---

1. A personal care home is "any premises in which food, shelter and personal assistance or supervision are provided for a period exceeding twenty-four hours for four or more adults who are not relatives of the operator, who do not require the services in or of a licensed long-term care facility but who do require assistance or supervision in such matters as dressing, bathing, diet, financial management, evacuation of a residence in the event of an emergency or medication prescribed for self[-]administration." Section 1001 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, as amended, 62 P.S. § 1001.

2. This regulation states that a personal care home may discharge a resident if it "determines that [the] resident's functional level has advanced or declined so that the resident's needs cannot be met in the home." 55 Pa. Code § 2600.228(h)(3).

3. A long-term-care nursing facility is "[a] facility that provides either skilled or intermediate nursing care or both levels of care to two or more patients, who are unrelated to the licensee, for a period exceeding 24 hours." Section 802.1 of the Health Care Facilities Act, Act of July 19, 1979, P.L. 130, added by Section 7 of the Act of July 12, 1980, P.L. 622, as amended, 35 P.S. § 448.802a. Although the ALJ stated that the BHA has jurisdiction over a discharged resident from a long-term-care nursing facility, 55 Pa.Code. § 1181, Appendix N defines "resident" as a "person admitted for care into a nursing facility participating in the [medical assistance] program." WMH is neither a long-term-care nursing facility nor a nursing facility participating in the medical assistance program.

and not a long-term nursing facility, the regulation does not apply to Bouman's appeal. The ALJ also rejected Bouman's claim that the BHA has jurisdiction because WMH is a state actor.[4] Although WMH is licensed by DPW, WMH acted as a private entity, not as DPW's agent, in discharging Bouman. Therefore, the ALJ concluded that the BHA lacked jurisdiction.

On June 30, 2014, the BHA affirmed the ALJ's decision. Bouman now petitions this court for review.[5]

■ Bouman asserts that she has the right to appeal under 55 Pa.Code § 2600.42(w) (emphasis added), which provides that "[a personal care home] resident has the right to use both the home's procedures and external procedures, *if any*, to appeal [an] involuntary discharge." As the ALJ correctly found, however, this regulation neither mandates an external appeal process nor authorizes an administrative appeal. The procedure for resident discharge is governed by DPW's regulations and the contract between the resident and the personal care home. *See* 55 Pa.Code § 2600.25(c)(9) (requiring a resident-home contract to include "[t]he conditions under which the agreement may be terminated"); 55 Pa.Code § 2600.228 (outlining the requirements for termination of a resident-home contract). Specifically, 55 Pa.Code § 2600.228(h)(3) sets forth the applicable procedure if a personal care home resident disagrees with a discharge notice:

If a resident or the resident's designated person disagrees with the home's decision to discharge or transfer [the resident], consultation with an appropriate assessment agency or the resident's physician shall be made to determine if the resident needs a higher level of care. A plan for other placement shall be made as soon as possible by the [home's] administrator in conjunction with the resident and the resident's designated person, if any.

■ Next, Bouman asserts that the BHA violated her due process rights by denying her appeal because WMH would have had the right to appeal if the Licensing Bureau had determined that it committed regulatory violations. It is true that WMH could have appealed to the BHA if the Licensing Bureau had taken action against WMH's license. The regulation at 55 Pa.Code § 2600.12 grants WMH the right to appeal from a DPW decision "related to the licensure or approval of the personal care home." However, there is no regulation authorizing an administrative appeal following a resident's discharge from a personal care home.[6]

■ Finally, Bouman asserts that the BHA violated her due process rights by dismissing her appeal without a hearing. "Before a state agency may make an adjudicatory determination depriving an individual of a state[-]protected interest, the agency must provide a hearing before an impartial adjudicator to conduct a *de novo* examination of all the factual and legal

4. *See* 1 Pa.Code § 35.20 (granting the BHA jurisdiction over appeals from "[a]ctions taken by a subordinate officer under authority delegated by the agency head").

5. Our review is limited to determining whether constitutional rights have been violated, whether the adjudication is in accordance with the law, and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. DPW points out that, as with personal care homes, there is no regulation authorizing administrative appeals of resident discharges from assisted living facilities, which are also licensed by DPW. Disputes over assisted living facility discharges are handled as contract disputes. (DPW's Br. at 7–8.)

issues." *Lawson v. Pennsylvania Department of Public Welfare,* 744 A.2d 804, 807 (Pa.Cmwlth.2000). Here, however, Bouman has no state-protected interest in continued residence at WMH. Moreover, in discharging Bouman, WMH was not acting as DPW's agent but as a private entity. WMH terminated its relationship with Bouman in accordance with 55 Pa.Code § 2600.228(h)(3), which it had the right to do. Therefore, the BHA properly dismissed Bouman's appeal for lack of jurisdiction.

Accordingly, we affirm.[7]

### ORDER

AND NOW, this *9th* day of *January,* 2015, we hereby affirm the June 30, 2014, order of the Department of Public Welfare, Bureau of Hearings and Appeals.

---

7. We note that Bouman may still seek relief by filing a breach of contract claim against WMH in the proper judicial forum.