533 A.2d 804

Eugene L. Coon, Sheriff of The County of Allegheny, Petitioner *v.* Deputy Sheriff's Education and Training Board, Respondent.

Argued May 22, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Byron D. Xides,* with him, *James J. Dodaro* and *Ira Weiss,* Deputy County Solicitors, for petitioner.

*Andrew H. Cline,* Associate Deputy General Counsel, with him, *Henry G. Barr,* General Counsel, for respondent.

*Stephen F. Ritner, Ritner, Mulvey and Flanagan, P.C.,* for amicus curiae, Deputy Sheriff's Association of Pennsylvania.

OPINION BY JUDGE CRAIG, November 19, 1987:

The Sheriff of Allegheny County, Eugene L. Coon, has appealed from an adjudication by the Deputy Sheriffs' Education and Training Board, of the Pennsylvania Commission on Crime and Delinquency, denying the sheriff's request that the board grant his future deputy sheriffs credit toward the board's 160-hour training course by recognizing satisfactory completion of the Allegheny County Police Academy's 480-hour training course as equivalent to at least 120 hours of the board's curriculum for deputy sheriffs given at Carlisle, Cumberland County, Pennsylvania.

The sheriff claims that completion of the more extensive 480-hour police academy course is essential for his deputies, who function in a metropolitan county and must perform more extensive law enforcement functions than deputy sheriffs in a less urban environment.

With respect to 40 Allegheny County deputies who had completed the 480-hour Allegheny County Police Academy course before February 28, 1986, the board had earlier allowed "partial training waivers," *i.e.,* credit toward 120 hours of the board's course, subject to those deputies completing an additional 40 hours in the board's program at Carlisle.

Both of these law enforcement training courses have official status under the statutes of the Commonwealth. The Deputy Sheriffs' Education and Training Act (Deputy Training Act), Act of February 9, 1984, P.L. 3, §§1-9, 71 P.S. §§2101-2109, mandates and governs deputy sheriff training, and the Act of June 18, 1974, P.L. 359, §§1-10, 53 P.S. §§740-749, relates to the police academy training.

The board's adjudication, as appealed to this court, also rejected the sheriff's request that Allegheny County be reimbursed for all of the tuition and travel expenses and 50% of the salaries of seven deputies trained at the Allegheny County Police Academy between August 28, 1984 and November 26, 1985.

This court will review the matters raised in the chronological order they arose, considering first the request for reimbursement of expenses.

### Reimbursement for Previous Deputy Training at Academy

Section 9 of the Deputy Training Law, 71 P.S. §2209, provides:

> The commission shall provide for reimbursement to each county of 100% of the allowable tuition and the ordinary and necessary living and travel expenses incurred by their deputy sheriffs while attending certified deputy sheriffs' basic training or continuing education schools if the county adheres to the training standards set forth in this act and established by the board

with the review and approval of the commission. The regular salary of deputy sheriffs while attending approved schools shall be paid by the employing county. Fifty percent of the regular salaries of deputy sheriffs while attending approved schools shall be reimbursed to the employing county.

As required by section 5 of the Administrative Agency Law, 2 Pa. C. S. §507, the board's adjudication appears to contain findings on this first issue, although the findings are in general terms and are interwoven with the board's discussion.

First, the board noted the fact that it had neither certified nor approved the county police academy at which the seven deputies received training. The board thus is reading section 9 to permit reimbursement for training at county schools other than the board's school only if the board gives advance approval. Although the statutory reference to "certified deputy sheriffs' . . . schools" possibly may merely identify schools "certified" by reason of having official status within their county, the reference to "approved schools" clearly pertains to approval of a county school obtainable from the board upon its determination that the statutory standard is met—that is, "if the county adheres to the training standards set forth in this act and established by the board with the review and approval of the commission."

Thus, apart from the reference in the board's adjudication to the fact that it had not "certified" the county academy, its indisputably correct finding that it had never "approved" that academy for deputy sheriff training would appear to be conclusive.

The board also rejected the sheriff's contention that the "partial waivers" as to training completed at the county academy constituted evidence of formal approval of that academy by the board. The board correctly re-

jected that contention. As the board stated in its adjudication,

> [T]he 40 conditional partial waivers were permitted as a matter of grace to avoid penalizing Allegheny County, which, prior to passage of the act, had an established policy providing formal training for its deputy sheriffs at the Pittsburgh academy. It was the opinion of this Board that it would have been unfair to deny the deputies credit for training already provided (which appeared to offer a rough equivalent to some of the training envisioned) because the act was new and the county had already expended public funds in sending these 40 deputies to that training. In addition, no official waiver policy had been adopted at the time those sheriffs began the training at the Pittsburgh academy. However, our action in no way constituted approval or certification of the Pittsburgh academy nor did it bind this Board to provide reimbursement for the deputies trained therein.

Because the record clearly shows that the board did not, either on its own initiative or pursuant to county request, pursue, under section 9 of the act, a review of the academy curriculum in accordance with the section 9 standard, to determine "in advance whether the county adheres to the training standards set forth in this act and established by the board with the review and approval of the commission," the board's decision to refuse retrospective reimbursement was sound and in accordance with the act.

### Crediting Future Deputies with Equivalent Academy Training

To articulate the precise issue involved in reviewing the board's refusal to give *future* Allegheny County dep-

uties any credit for completion of the 480-hour police academy course, we first must determine the governing major premise by examining the board's powers under the Deputy Training Law.

Section 4 of that act, in subsections (1)-(4), 71 P.S. §2104(1)-(4), states that the board, with the review and approval of the Pennsylvania Commission on Crime and Delinquency, "shall . . . [e]stablish, implement and administer"

> —the Deputy Sheriff's Education and Training program according to the minimum requirements of the act;
> —requirements for the minimum courses of study and training for deputy sheriffs;
> —requirements for courses of study and inservice training for deputy sheriffs previously appointed; and
> —requirements for a continuing education program for all deputy sheriffs.

In addition to the provisions of subsections (9)-(11) of section 4, which impose on the board a duty to certify satisfactory training completion, promulgate regulations, perform other appropriate duties, and submit an annual report, there are four additional subsections pertinent to the present issue. As part of section 4, they read:

> (5) Approve or revoke the approval of any school which may be utilized to comply with the educational and training requirements of this act.
>
> (6) Establish the minimum qualifications for instructors and certify instructors.
>
> (7) Consult and cooperate with universities, colleges, law schools, community colleges and institutes for the development of specialized courses for deputy sheriffs.
>
> (8) *Promote the most efficient and economical program for deputy sheriff training by uti-*

*lizing existing facilities, programs and qualified State and local personnel.* (Emphasis added.)

Section 5 of the Deputy Training Law, 71 P.S. §2105, specifies that:

The Deputy Sheriffs' Education and Training Program shall include appropriate training for a total of 160 hours which content shall be determined by regulation.

Section 7, 71 P.S. §2107, requires that every sheriff shall assure that all deputies with less than five years of experience on the effective date of the act shall receive the prescribed training.

Finally, as noted above, section 9 authorizes reimbursement to a county for deputy sheriff training subject to board approval of the county school "if the county adheres to the training standards set forth in this act and established by the board with the review and approval of the commission." That statutory standard clearly provides a yardstick for the board's specific review of county curricula.

As counsel for the board has correctly contended in its brief, the courts will not review the discretionary acts of administrative agencies, such as this board, in the absence of bad faith, fraud, capricious action, or abuse of power, citing *Goodman Appeal,* 425 Pa. 23, 227 A.2d 816 (1967). The board's brief also correctly cites *Blumenschein v. Pittsburgh Housing Authority,* 379 Pa. 566, 573, 109 A.2d 331, 334 (1954), for the proposition that, although an administrative body's discretionary power does not make it wholly immune from judicial review, court review is limited to a determination of whether there has been a manifest and flagrant abuse of discretion or "a purely arbitrary execution of the agency's duties or functions."

In identifying the nature of the board's duty in this case, section 4, quoted above, is quite clear. In requir-

ing the board to establish, implement and administer deputy sheriff training, it also provides, without giving the board any option, that the board "shall"

> promote the most efficient and economical program for deputy sheriff training by utilizing existing facilities, programs and qualified State and local personnel.

In this case, the sheriff's request that the board consider the 480-hour police academy course for credit necessarily calls upon the board to examine and make findings with respect to existing facilities, in order to achieve the most efficient and economical program.

Therefore, the pivotal issue here concerns the board's performance of a duty, not a discretionary option, under the act. That issue is whether the board has given due consideration to, and made findings determining, whether the 480-hour academy training constitutes an existing program adhering to the training standards set forth in this act and established by the board, so as to warrant training credit, at least in the amount requested.

The record of the hearing shows that the sheriff submitted an outline of the curriculum of the Allegheny County Police Academy's 480-hour course which the deputy sheriffs of that county have been taking and would be taking. The board has adopted, by regulation, a general outline of its 160-hour course in regulations found at 37 Pa. Code §§421.1-421.32, and, in particular, in 37 Pa. Code §421.11, which specifies the elements of the Deputy Sheriffs' Basic Training Course. Counsel also supplied the Deputy Sheriffs' Basic Training Curriculum dated June, 1985, to supply details of the curriculum proposed.

Although the board parenthetically noted in its discussion of the reimbursement issue that the academy

training "appeared to offer a rough equivalent to some of the [board] training envisioned," the board's adjudication deals with the sheriff's request, relating to credit for utilization of the existing facility, only as follows:

> Our waiver policy is based upon a perception that one of the fundamental purposes of the act is development of a training curriculum specifically designed to address the unique duties and responsibilities of deputy sheriffs and to promote increased professionalism and uniformity in skills among the members of that profession. We have determined that the most efficient and economical means of fulfilling that purpose is through use of a single, centrally located facility at which the training and the instructors (whom we must also certify) may be closely monitored and evaluated. We note that the course of training offered by the Pittsburgh Academy does not provide instructions specifically focused upon or adapted to the skills and knowledge required by an individual performing the duties of a deputy sheriff.
>
> . . .

Although couched in terms of factual findings as well as in terms of policy and opinion, the foregoing statement of the board gives no indication that the board actually performed its duty, under section 4(8) of the Deputy Training Law, to consider utilization of an existing facility in order to promote the most efficient and economical program for deputy sheriff training.

The standard governing our scope of review with respect to the adjudication and findings of an administrative board is specified in 2 Pa. C. S. §704, stating that the courts shall uphold them unless the adjudication is not in accordance with law or a necessary finding is not supported by substantial evidence.

Examination of the evidence discloses that the board's statement that the "academy does not provide instruction specifically focused upon or adapted to . . . a deputy sheriff," appears to refer merely to the undeniable fact that the academy course is labeled as being for police or law enforcement officers in general, rather than for deputy sheriffs in particular.

Solely as an illustration of the specific evidence already in the record—on which the board could have based meaningful findings under section 4(8) but did not do so—there follows a tabulation of the training-subject evidence, which compares the board's Carlisle course elements and hours with the Allegheny County Police Academy course elements and hours:

| COMPARISON OF CURRICULA | | | |
|---|---|---|---|
| DEPUTY SHERIFFS TRAINING AND EDUCATION BOARD CURRICULUM Per 37 Pa. Code §421.1 (Hours proposed in exhibit) | | ALLEGHENY COUNTY POLICE ACADEMY CURRICULUM Per exhibit (Hours as in exhibit) | |
| | HOURS | HOURS | |
| Introduction to powers and duties of sheriffs and deputy sheriffs | 8 | 16 | Introduction to criminal justice system |
| Firearms | 24 | 40 | Firearms |
| Prisoner control, courtroom security, including self-defense, arrest and physical conditioning | 35 | 48 | Defensive techniques, arrest mechanics, and physical conditioning |
| Emergencies and Disorders | 10 | 20 | Crisis intervention |
| Emergency medical care | 18 | 48 | Advanced first aid, CPR |
| Criminal (18) and civil law and procedure (36) | 54 | 106 | Criminal and civil law and procedure (94), plus juvenile law (12) |
| Related social sciences -- communications and professional development | 10 | 32 | Human relations, cultural awareness (8), community relations and police ethics (16), and causes of crime |
| TOTAL HOURS -- BOARD | 159 | 310 | TOTAL HOURS -- ACADEMY |

Not contained in the foregoing table are certain additional subjects in the county academy curriculum, namely: Patrol and investigation—152 hours, driver safety—4 hours, hazardous commodity matters—2 hours, and service calls—12 hours.

Thus, analysis of the record indicates a lack of substantial evidence to support the board's extremely general "note" that the police academy training is not "specifically focused upon or adapted to" deputy sheriff skills and knowledge.

Indeed, the evidence of the police academy curriculum, if believed by the board, could provide substantial support for a finding that it covers the same subject matter as the deputy sheriff course, and perhaps even more fully.

However, this court is not authorized to make the board's findings pertinent to section 4(8) of the act, despite the board's failure to address the actual content of the two curricula at issue. Because this court cannot and will not exercise the board's duty and authority to make meaningful findings, the order in this case must include a provision remanding this case to the board for that purpose.

## Conclusion

The board's adjudication is affirmed with respect to denial of the sheriff's request for reimbursement to the county. The adjudication is vacated, and remanded for specific findings and a new adjudication, with respect to the board's denial of the sheriff's request for credit toward the board's course by virtue of satisfactory completion of the Allegheny County Police Academy Course by deputies for whom compliance with the Deputy Training Law is required now or in the future.

## ORDER

Now, November 19, 1987, the adjudication of the Deputy Sheriffs' Education and Training Board, Pennsylvania Commission on Crime and Delinquency, dated July 31, 1986, is affirmed insofar as it denies the request of the Sheriff of Allegheny County for reimbursement, and is vacated insofar as it denies that sheriff's request for consideration of the award of credit in the future to Allegheny County deputy sheriffs for satisfactory completion of training at the Allegheny County Police Academy; with respect to the latter request, this case is remanded to the board with a direction to receive additional relevant evidence either side may offer, and to issue a new adjudication of such latter request, with proper findings of fact and conclusions of law, in the light of sections 4, 5, 7 and 9 of the Deputy Sheriffs' Education and Training Act, with particular reference to the board's duty in section 4(8), to promote "the most efficient and economical program for deputy sheriff training by utilizing existing facilities, programs and qualified state and local personnel," and in light of the standard of county adherence to training standards set forth in section 9 of the act.

Jurisdiction relinquished.